# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 29, 2013

Lyle W. Cayce
Clerk

No. 12-20090
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUGENIO AVALOS DURAN, also known as Eugenio Duran Avalos, also known as Eugenio Avalos-Duran,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-631-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eugenio Avalos Duran (Avalos) appeals the sentence imposed following his guilty plea conviction for illegal reentry of a deported alien. *See* 8 U.S.C. § 1326. The district court sentenced Avalos to serve 27 months in prison and two years of supervised release. Avalos argues that the sentence is procedurally and substantively unreasonable because the district court imposed a term of supervised release despite the Sentencing Guidelines' direction that "ordinarily"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

no term of supervised release should be imposed if the defendant is a deportable alien. *See* U.S.S.G. § 5D1.1(c).

Contending that the sentence is procedurally unreasonable, Avalos asserts that the district court did not adequately explain its reasons for imposing a term of supervised release and did not provide him with notice of its intent to depart from the Guidelines' advice. Because he failed to raise these objections in the district court, our review is limited to plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012). To show plain error, Avalos must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The term of supervision imposed was within the statutory and guidelines ranges for his offense of conviction; therefore, it did not trigger a "departure analysis." *See Dominguez-Alvarado*, 695 F.3d at 329. Avalos's contention that the district court was required to give notice of its departure from the Guidelines thus fails. *See id.*

The record demonstrates that the district court was aware of the amended provisions of § 5D1.1(c) because they were set out in the presentence report (PSR), which the district court adopted as modified by the PSR's second addendum. *See United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008). The district court also considered Avalos's arguments for a downward variance, Avalos's statements in allocution, and the Government's arguments for an upward variance. Moreover, the district court provided a detailed explanation for the sentence imposed with reference to 18 U.S.C. § 3553(a) factors. Specifically, with respect to the term of supervised release, the court stated that the circumstances warranted the imposition of a term of supervised release and that its judgment was based on "the previous recidivism and repeated illegal

reentries into the United States." The district court provided a particularized explanation justifying the imposition of a supervised release term. *See Dominguez-Alvarado,* 695 F.3d at 330. Avalos has not shown that the district court committed reversible procedural error, plain or otherwise, in imposing the two-year supervised release term. *See Dominguez-Alvarado*, 695 F.3d at 329-30.

Avalos further argues that the sentence is substantively unreasonable because the district court did not give proper weight to a factor that should have received significant weight–specifically, the Sentencing Commission's recommendation that "ordinarily" no term of supervised release should be imposed upon deportable aliens. *See* § 5D1.1(c). We do not decide whether Avalos's objection preserved his challenge to the substantive reasonableness of the supervised release term because he has not demonstrated error, plain or otherwise. *See Rodriguez*, 523 F.3d at 525. Although Avalos correctly asserts that § 5D1.1(c) advises that "ordinarily" supervised release should not be imposed, where, as here, the defendant is likely to be deported after imprisonment, "[t]he court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." § 5D1.1. comment. (n.5). That is what the district court did in the instant case.

Because the supervised release term was within the guidelines range, we apply a presumption of reasonableness and infer that the district court considered all pertinent sentencing considerations in imposing the sentence. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Moreover, because the district court adopted the PSR, reflecting its consideration of § 5D1.1(c), Avalos has not demonstrated error, plain or otherwise, with respect to his argument that the district court failed to accord proper weight to § 5D1.1(c). *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The sentence is AFFIRMED.